IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

V.  CASE NO. 5:15CR50091-001

EVAN BALLOWE

### SENTENCING MEMORANDUM

Comes now, Defendant, Evan Ballowe, by and through his attorneys, the JAMES LAW FIRM, respectfully moves this Court to impose a sentence below the guideline range in this case. Mr. Ballowe submits the following sentencing memorandum in support of this request.

**I.  INTRODUCTION**

On December 9, 2015, The Grand Jury named Evan Ballowe in a three-count Indictment and Forfeiture Allegation, filed in the Western District of Arkansas, Fayetteville Division. On February 3, 2016, Evan Ballowe entered a negotiated guilty plea to one count of Coercion and Enticement of a Minor pursuant to 18 U.S.C. §2422(b). Counts Two and Three of the indictment were dismissed per the plea agreement. A Presentence Investigation was conducted by U.S. Probation Officer Trent Thompson. A copy of Officer Thompson's report was filed in this Court on April 6, 2016. According to Officer Thompson's recommendations, Mr. Ballowe has been assessed a total offense level of 40 and a criminal history category of I, making the guideline imprisonment range 292 to 365 months. Mr. Ballowe contests the findings of Officer Thompson in a separate document entitled "Objection to the Presentence Report."

Because Evan is a first time offender and a young, previously contributing member of society, he is asking for a sentence of 180 months incarceration followed by a lifetime term of supervised release.

## II.   CHARACTERISTICS OF DEFENDANT

Evan Ballowe is twenty-five (25) years old and was born in Fayetteville, Arkansas to Gregory and Deborah (Wylie) Ballowe. Gregory, age 67, and Deborah, age 57, are married and reside in Fayetteville, Arkansas. Evan's parents are both retired teachers. Evan's father is also a disabled Vietnam Veteran of the United States Armed Forces. Evan is the eldest of two sons. His brother, Sean Ballowe, age 22, also lives in Fayetteville and graduated from the University of Arkansas in May 2016.

Evan graduated from Fayetteville High School in May 2009 with high honors. Evan attended the University of Arkansas and earned a bachelor's degree in music education in 2013. Evan has never been married and does not have any children. Evan has only one traffic violation on his record from 2008 and his criminal history score is zero.

## III.   VARIANCE REQUEST

### a.   18 U.S.C. §3553(a)

In *United States v. Booker,* the United States Supreme Court decided the United States Sentencing Guidelines to be advisory only and not mandatory. 543 U.S. 220, 246 (2005). The district court may give respectful consideration to the Guidelines, but "permits the court to tailor the sentence in light of other [3553(a)] concerns as well." *Id* at 246-247. The Guidelines, formerly mandatory, now serve as one factor among several, in which courts must consider in determining the appropriate sentence. *Booker* further instructed that "reasonableness" is the standard controlling appellate review of the sentences district courts impose. *Kimbrough v. United States,* 552 U.S. 85 (2007). The Court's "overarching" duty is to "impose a sentence

sufficient, but not greater than necessary" to accomplish the goals of sentencing." *Pepper v. United States,* 131 S. Ct. 1229, 101 (2011).

18 U.S.C. §3553(a) sets out several parameters the Court must consider when deciding the appropriate sentence to impose: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to provide adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Initially, it dictates that the Court should deliver a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in the statute. Defense counsel contends that the requested sentence will still accomplish this goal.

    i. <u>The nature and circumstances of the offense and the history and characteristics of the defendant</u>

Up to this point in his life Evan Ballowe has conducted himself as a law abiding citizen. Because Evan has never been imprisoned before, a term of imprisonment will be more meaningful to him than a similarly situated individual who has previously been incarcerated. Evan's background and the circumstances of his offense closely mirror the defendant in *United States v. Baker,* 445 F.3d 987, 992 (7th Cir. 2006). In that case, "the district court paid close attention to Mr. Baker's lack of criminal history, his relatively young age, his religious background, his history of both employment and higher education." *Id.* The Seventh Circuit upheld the sentence of the lower court stating, "Also significant is the district court's finding that a prison term would mean more to Mr. Baker than to a defendant who previously had been

imprisoned." *Id.* Additionally, the Seventh Circuit went on to say that consideration of Mr. Baker's lack of previous imprisonment is consistent with § 3553's directive that the sentence reflect the need for "just punishment" *18 U.S.C. § 3553(a)(2)(A)* and "adequate deterrence" *18 U.S.C. § 3553(a)(2)(B).* Evan asks this Court to take into account his young age, employment history, higher education and lack of criminal history when fashioning the appropriate sentence.

Moreover, as the district court did with Mr. Baker in determining his sentence, Evan asks this court to impose a lifetime term of supervised release and any other conditions this Court deems necessary to reduce the risk of Evan becoming a repeat offender. In *U.S. v. Baker*, the Seventh Circuit applauded the district court for "recognizing the seriousness of the offense committed by Mr. Baker, the district court imposed special conditions designed to reduce the risk of Mr. Baker becoming a repeat offender, including a life-long term of supervised release, restrictions on future possession of child pornography and a prohibition on unsupervised contact with minors." *Id* at 992-993.

Furthermore, Evan's physical features make him vulnerable to victimization or abuse in prison. In *United States v. Gonzalez*, 945 F.2d 525 (2nd Cir. 1991), the district court reduced Mr. Gonzalez's based on a "feminine cast to his face and a softness of features which will make him prey to long-term criminals with whom he will be associated in prison." *Id.* Although Evan is twenty-five years old, he appears much younger based on his physical features. Additionally, Evan has already been the victim of threats while incarcerated at the Benton County jail. Presentence Investigation Report ECF No. 22 ¶ 89. According to Evan, another inmate threatened, "He was going to make him [Ballowe] his bitch." *Id.*

> ii. The need for the sentence imposed to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense

As previously mentioned, Evan has only one traffic violation on his record and has never been previously incarcerated. A sentence of 180 months would reflect the seriousness of the offense to Evan due to his age and lack of prior incarceration without providing a sentence that would be considered unjust.

> iii. The requested sentence will provide adequate deterrence to criminal conduct

If Evan is sentenced to the requested sentence of 180 months, he will be approaching middle-age when he is released from incarceration. As set forth above, for someone who has never been imprisoned, a prison sentence of this length would be more meaningful to Evan. The requested sentence is sufficient to deter similar activity in others.

> iv. The requested sentence will protect the public from further crimes of the defendant

As previously stated, Evan is requesting a sentence of 180 months followed by a lifetime of supervised released and any other restrictions this Court deems necessary to reduce the risk of Evan becoming a repeat offender. Members of the public will certainly be protected from further crimes of Evan while he is in prison. Once released, a life-long term of supervised release and any special conditions imposed by this Court would certainly be sufficient to protect the public from further harm from Evan.

> <u>v. The requested sentence will provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

Regardless of the length of the sentence imposed by this Court, Evan requests that he be placed at a facility in Seagoville, Texas. Evan understands that this facility accepts inmates with similar charges and provides programs and services that would help him make a successful transition from imprisonment to becoming a productive member of society once he is released. This facility would allow Evan to attend sex offender management programs and would be close enough for family members to make occasional visits. A sentence of 180 months would be sufficient to allow Evan to attend these programs and be released back into society with hope for the future.

## IV.    CONCLUSION

The requested sentence will be sufficient, but not greater than necessary to accomplish the goals of sentencing. This sentence would give Evan time to rehabilitate and reflect on the seriousness of his offense while still affording him hope for the future when he is released from incarceration.

For the foregoing reasons, Evan respectfully requests that the Court sentence him to 180 months incarceration followed by a lifetime term of supervised release as well as with any conditions this Honorable Court deems appropriate. Further, this sentence would be sufficient, but not greater than necessary to serve the purpose of sentencing.

WHEREFORE, Evan respectfully requests a downward variance and requests this Court sentence him to the requested sentence.

Respectfully submitted,

/s/ Charlcee C. Small
CHARLCEE C. SMALL
JAMES LAW FIRM
46A West Colt Square
Fayetteville, AR 72701
Charlcee@jamesfirm.com
Bar # 2011208
(479) 442-5522

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I emailed a copy of this filing to the following:

Dustin Roberts
Assistant U.S. Attorney

Trent Thompson
United States Probation Officer

/s/ Charlcee C. Small